UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LATASHA RECORD,

    Plaintiff,

vs.                                    CASE NO.:

SPEEDWAY, LLC, a Foreign Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LATASHA RECORD ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, SPEEDWAY, LLC, ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and also as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. 12101, *et seq.*, the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA"), and the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant, SPEEDWAY, LLC is a Foreign Limited Liability Company. At all material times hereto, Defendant maintained an office in Lake County, Florida.

2. Plaintiff is an adult individual who resides in Lake County, Florida.

3. Plaintiff was an employee as defined by the laws under which this action is brought.

4. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 50 employees within a 75 mile radius of Plaintiff's job site.

## JURISDICTION AND VENUE

5. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3). Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

6. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Lake County, Florida.

7. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Lake County, Florida.

## TITLE VII / PDA / ADA/ FCRA STATUTORY PREREQUISITES

8. Plaintiff is a female "person" who suffered discrimination based on her gender / pregnant condition. As such she is a member of a class of individuals protected by Title VII, the PDA, the ADA and the FCRA.

9. Plaintiff was qualified for her position of employment.

10. Plaintiff suffered an adverse effect upon her employment by having her hours reduced and ultimately being terminated by Defendant with the motivating or determinative factor used

2

by Defendant in the decision making process being Plaintiff's gender, pregnancy, childbirth, need for accommodation, or related medical condition(s).

11. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

12. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADA and the FCRA.

13. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, the ADA, and the FCRA.

14. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2019 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on November 12, 2019 and which was received by Plaintiff on November 21, 2019. Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

15. Accordingly Plaintiff has completed with all other Title VII, the PDA, the ADA and the FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

16. Defendant operates a convenience store and gas station at 9532 US-441, Leesburg, FL 34788.

17. Plaintiff was hired on or about May 30, 2016 and worked for Defendant until her unlawful termination on February 8, 2019.

18. Prior to November 2018, Plaintiff notified Defendant that she was pregnant and that she would need to request time off to attend doctor appointments.

19. Plaintiff incurred some complications related to her pregnancy, which required that she be admitted to a hospital for monitoring. After each occurrence, Plaintiff was medically authorized to return to work. Due to the unexpected nature of each admission, Plaintiff was not able to provide advance notice to Defendant but she did provide notice that she would be absent consistent with Defendant's absenteeism policies.

20. During these times of hospitalization, Plaintiff was temporarily disabled as contemplated by the ADA.

21. In December 2018, Plaintiff's hours were reduced from 40 hours per week to 16 hours per week. Plaintiff regularly worked 40 hours or more each week prior to this reduction.

22. Plaintiff was told that the reduction in her scheduled hours was due to her "missing work" but in each instance where Plaintiff missed work it was due to preapproved appointments with her doctor or other instances related to her pregnancy. At this time, Defendant was no longer approving Plaintiff's requests for time off to see her doctor if it interfered with her normal work schedule.

23. Defendant's reduction in Plaintiff's schedule was extreme and retaliatory. Plaintiff did not need to work a reduced schedule – her only need was to be permitted to take time off for her regularly scheduled doctor appointments and, if needed, temporary leave should she be admitted to the hospital for monitoring.

24. On or about January 10, 2019, Plaintiff's manager, Charlie Brunett, removed Plaintiff from the schedule completely. Defendant never notified Plaintiff of her eligibility for, and her rights and responsibilities related to, FMLA leave.

25. Plaintiff was capable of working a full 40 hour work schedule through January 28, 2019.

26. Plaintiff's child was born on February 1, 2019.

27. Defendant called Plaintiff on February 8, 2019 and told her that her vacation pay had been exhausted and that she was terminated. At the time of her termination, Defendant still had not notified Plaintiff of her eligibility for, and her rights and responsibilities related to, FMLA leave.

28. From January 29, 2019 through February 15, 2019, the time span that Plaintiff was either admitted to the hospital for the delivery of her child, the delivery of her child, or recovery from the birth of her child, Plaintiff was temporarily disabled as contemplated by the ADA.

29. Defendant had notice of Plaintiff's need for FMLA at the time it reduced her hours, when it took her off the schedule, and when it terminated her.

30. Had Plaintiff not been terminated she would have been able to return to her prior full time schedule on or about February 15, 2019.

## COUNT I
## GENDER DISCRIMINATION UNDER TITLE VII AND THE PDA

31. Plaintiff re-alleges and adopts paragraph 1 – 30 as though set forth fully herein.

32. Plaintiff's gender and pregnancy were motivating factors in Defendant's decision to reduce Plaintiff's hours in November 2018, remove her from the schedule in January 2019, and terminate her employment in February 2019.

33. Defendant has, with malice or reckless indifference, violated the dictates of Title VII and the PDA as incorporated into Title VII by intentionally discriminating against Plaintiff because of her gender and pregnancy.

34. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT II
## GENDER DISCRIMINATION UNDER THE FCRA

35. Plaintiff re-alleges and adopts paragraph 1 – 30 as though set forth fully herein.

36. Plaintiff's gender / pregnancy were motivating factors in Defendant's decision to reduce Plaintiff's hours in November 2018, remove her from the schedule in January 2019, and terminate her employment in February 2019.

37. Defendant has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff because of her gender and pregnant condition.

38. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT III
## ADA – DISABILITY / PERCEIVED DISABILITY DISCRIMINATION

39. Plaintiff realleges and adopts the allegations of paragraphs 1-30 above as if fully set forth herein.

40. Plaintiff was a qualified individual with a temporary disability.

41. Plaintiff was perceived as disabled by Defendant.

42. Defendant was Plaintiff's employer as defined by the ADA.

43. Defendant discriminated. against Plaintiff because of her actual or perceived disability in violation of the ADA.

44. Defendant discriminated against Plaintiff because she exercised her rights under the ADA by notifying Defendant of her need for hospitalization related to the birth of her child.

45. Defendant had actual or constructive knowledge of the discriminatory conduct.

46. Defendant's acts were willful.

47. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

48. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT IV
## ADA – FAILURE TO ACCOMMODATE

50. Plaintiff realleges and adopts the allegations of paragraphs 1-30 above as if fully set forth herein.

51. Plaintiff was a qualified individual with a temporary disability.

52. Defendant was Plaintiff's employer as defined by the ADA.

53. Plaintiff's medical condition substantially limited one or more of her major life activities. As such, Plaintiff required accommodation to continue to perform the essential duties of her

position.

54. The accommodations requested by Plaintiff for (1) time off for complications related to her pregnancy and (2) time off for the birth of her child, were reasonable and would not impose undue hardship on Defendant.

55. Defendant refused to accommodate Plaintiff.

56. Defendant's acts were willful.

57. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

58. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

        i. Such other relief as the Court may deem just and proper.

## COUNT V
## ADA – RETALIATION

60. Plaintiff realleges and adopts the allegations of paragraphs 1-30 above as if fully set forth herein.

61. Plaintiff was, at all times relevant, eligible for ADA-covered accommodation.

62. Defendant was Plaintiff's employer as defined by the ADA.

63. Defendant retaliated against Plaintiff because she exercised her rights under the ADA by seeking an accommodation.

64. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

65. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

66. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's actual or perceived disability and request for ADA-covered accommodation.

67. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

68. Defendant's violations of the ADA were willful.

69. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

70. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT VI
## FMLA INTERFERENCE

71. Plaintiff realleges and adopts the allegations of paragraphs 1-30 above as if fully set forth herein.

72. Defendant knew of Plaintiff's need for leave for reasons which would have qualified her for protected leave under the FMLA, yet Defendant never apprised Plaintiff of her entitlement to, or rights and responsibilities related to, FMLA leave.

73. Defendant interfered with the exercise of Plaintiff's right to job protected FMLA leave when it failed to notify her of her rights and responsibilities under the FMLA.

74. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

75. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

76. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and future benefits;

    d. Liquidated Damages;

    e. Attorneys' fees and costs, and

    f. For such other relief this Court deem just and equitable.

## COUNT VII
## FMLA RETALIATION

77. Plaintiff realleges and adopts the allegations of paragraphs 1-30 above as if fully set forth herein.

78. Defendant knew of Plaintiff's need for leave for reasons which would have qualified her for protected leave under the FMLA.

79. Defendant retaliated against Plaintiff when it reduced Plaintiff's scheduled hours by more than half, removed her from the schedule completely, and ultimately terminated her rather than provide her with FMLA leave.

80. Defendant acted with the intent to retaliate against Plaintiff due to her own serious health condition.

81. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

82. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

83. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and future benefits;

    d. Liquidated Damages;

    e. Attorneys' fees and costs, and

    f. For such other relief this Court deem just and equitable.

## JURY TRIAL DEMAND

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 7th day of February 2020.

          **MORGAN & MORGAN, P.A.**

          **/s/ James J. Henson**
          JAMES J. HENSON, ESQ.
          Fla. Bar No. 0077476
          Morgan & Morgan, P.A.
          20 North Orange Avenue, 15th Floor
          P.O. Box 4979
          Orlando, FL 32802-4979
          Tel.: (407) 428-6241
          Fax: (407) 245-3342
          Email:  jjhenson@forthepeople.com
          ssiagel@forthepeople.com
          *Attorney for Plaintiff*